# IN THE SUPREME COURT OF IOWA

No. 11–1551

Filed September 21, 2012

IN RE THE MARRIAGE OF MAGDALEN C. O'BRIEN
and DENNIS R. O'BRIEN

Upon the Petition of
**MAGDALEN C. O'BRIEN,**

      Appellant,

And Concerning
**DENNIS R. O'BRIEN,**

      Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

In a dissolution-of-marriage proceeding, the respondent seeks further review of a court of appeals decision awarding 42% of his monthly pension benefits to the petitioner. **COURT OF APPEALS DECISION VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.**

Linda A. Jensen-Hall of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellant.

Timothy J. Luce of Anfinson & Luce, P.L.C., Waterloo, for appellee.

**PER CURIAM.**

We granted further review of this dissolution-of-marriage case to consider the proper distribution of a retired spouse's monthly pension benefits. The district court awarded the entirety of those benefits to the retired spouse. The court of appeals reversed and divided the benefits between the spouses to the extent they were accrued during the marriage. We agree with the court of appeals that the benefits should have been divided. However, we find that the court of appeals erred in dividing those benefits without taking into account the remaining allocation of property between the parties. For these reasons, we now alter the parties' respective shares of the pension benefits, we affirm the district court's judgment as modified, and we remand for further proceedings.

Dennis O'Brien and Magdalen O'Brien were married in 1978. They had three children. In 2010, Magdalen petitioned for dissolution of marriage. At that time, only one of the children was still a minor, and she was expected to graduate from high school in May 2012. Dennis had recently retired from John Deere at age fifty-eight, and Magdalen (age fifty-four) was working part-time as a customer service specialist.

A trial was held in May 2011 on the contested issues of property division and spousal support. Following trial, the district court awarded the marital residence to Magdalen and divided the vehicles and various financial assets between the parties. This resulted in Magdalen receiving $196,187 worth of marital property free and clear, and Dennis receiving $37,707.[1] The district court also ruled, "Given the great disparity in

---

[1]The district court said that it was awarding Magdalen $181,169 and Dennis $52,725 in net marital assets. However, as noted both by the parties and by the court of appeals, these figures assume that Dennis would receive the $15,018 cash value of

property division, the court believes [Dennis] should be entitled to receive his entire [John Deere] pension and ultimately social security payments each month as compensation for the disparity in the marital asset distribution." Finally, the court awarded Magdalen $150 a month in rehabilitative spousal support for one year, i.e., until the parties' youngest child was expected to graduate from high school. The court explained, "[Magdalen] testified that following the minor child's graduation she intended to become full time at her place of employment."

Magdalen appealed. She argued that the district court erred in failing to grant any part of Dennis's pension to her, including a share of the survivor benefits. She also maintained that she should have received reimbursement alimony for life. We transferred the case to the court of appeals.

The court of appeals found that Magdalen should receive 42% of Dennis's monthly pension benefits from John Deere. It reached this conclusion by applying the method described in *In re Marriage of Benson*, 545 N.W.2d 252, 255 (Iowa 1996). Under this method, the number of months that Dennis accrued benefits during the marriage would be divided by the total number of months that Dennis accrued pension benefits, and this percentage would in turn be divided by two. *See In re Marriage of Benson*, 545 N.W.2d at 255. Here, Dennis had 450 months of service at John Deere, 376 of which occurred after he married Magdalen. Accordingly, under the court of appeals' analysis, her share

_____

Dennis's life insurance, when in fact the district court awarded it to Magdalen. We will use figures of $196,187 and $37,707, respectively, which reflect the court's decision to award the insurance policy to Magdalen. We affirm the district court's order on the basis that Magdalen receives the insurance policy.

was 42%. The court of appeals also affirmed the district court's ruling on spousal support.

Dennis has sought further review of the court of appeals decision on property division. He contends that it is inappropriate to grant Magdalen 42% of his John Deere pension, without regard to her much larger share of the other assets.

We agree. The law requires an equitable division of property. *See* Iowa Code § 598.21(5) (2009) ("The court shall divide all property, except inherited property or gifts received or expected by one party, equitably between the parties . . . ."). Equitable is not the same as equal. *See In re Marriage of Anliker*, 694 N.W.2d 535, 542 (Iowa 2005). Still, the division must be "justified and equitable under all the circumstances and factors set forth in section 598.21(1)." *Id.*

In our view, it would be inappropriate to award the *entire* pension to Dennis simply because Magdalen is receiving the bulk of the other marital property, without regard to the respective values of that pension and the parties' other assets. However, it would also be inappropriate to *divide* that pension without taking into account the allocation of the other assets. For these reasons, we are not entirely satisfied with either the district court's or the court of appeals' resolution of this case and, therefore, provide our own.

It is not disputed that the present value of the John Deere pension at the time of trial was $437,231. As noted by the court of appeals, under the *Benson* formula, approximately 16.5% of Dennis's pension— i.e., the premarital portion—would not be subject to division. We therefore remove that share, $72,143, and treat the remaining present value of $365,088 as a marital asset. To equalize the distribution of

marital property, Dennis should receive $261,784 of that present value and Magdalen should receive the remaining $103,304, a difference of $158,480. This split is used because Magdalen's share of the other marital property exceeded Dennis's by $158,480 ($196,187 vs. $37,707). This means Magdalen is entitled to 23.6% of Dennis's monthly pension benefit ($103,304 divided by $437,231), including 23.6% of any survivor benefit.

Accordingly, we vacate the court of appeals decision in part. We affirm the district court's final decree except that we modify its ruling on Dennis's pension by holding Magdalen should have been awarded 23.6% of Dennis's monthly pension benefit from John Deere, including 23.6% of any survivor benefit. We affirm the court of appeals ruling on spousal support and its award of $1500 in attorney fees to Magdalen.

We remand for further proceedings consistent herewith. We assume that the district court will enter a qualified domestic relations order with respect to Dennis's pension. *See In re Marriage of Brown*, 776 N.W.2d 644, 647–48 (Iowa 2009). The district court may also order any other relief it deems appropriate to carry out our decision.

**COURT OF APPEALS DECISION VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.**

This opinion shall not be published.